UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────────

WILLIAM E. HUNT,

                                        Plaintiff,

            -v.-

                                                        5:10-CV-686
DAVID DELVECCHIO, *et al,*                              (DNH/ATB)

                                        Defendants.

─────────────────────────────────────────────

APPEARANCES:

WILLIAM E. HUNT
Plaintiff *pro se*
4017 8th Street, N.E. #1
Washington, D.C. 20017

ANDREW T. BAXTER, United States Magistrate Judge

### ORDER and REPORT-RECOMMENDATION

    The Clerk has sent the above complaint to me for my review.  On May 11, 2010,

plaintiff, William E. Hunt, filed[1] this action *pro se* in the United States District &

Bankruptcy Courts for the District of Columbia. (Dkt. No. 1).  On May 11, 2010,

United States District Judge Ellen S. Huvelle issued a "Fiat Order," granting

plaintiff's motion to proceed *in forma pauperis* ("IFP").  On May 20, 2010, the

Honorable Rosemary M. Collyer ordered that the action be transferred to the Northern

District of New York pursuant to 28 U.S.C. § 1406(a). (Dkt. No. 3).  The case was

received in the Northern District of new York on June 11, 2010. (Dkt. No. 5).  The day

after Judge Collyer's order, plaintiff filed a motion for appointment of counsel that is

currently pending. (Dkt. No. 4).  On June 30, 2010, plaintiff filed a motion to transfer

─────────────

    [1] The case was "received" by the Clerk in the District of Columbia on April 29, 2010.

this case back to the District of Washington, D.C. (Dkt. No. 6).

I.   <u>**Complaint**</u>

Plaintiff purportedly brought this complaint under 42 U.S.C. § 1983, alleging what appear to be constitutional violations against the defendants.  Plaintiff has named David Delvecchio, the Commissioner of Finance of the City of Syracuse; John C. Gamage, the Commissioner of the Assessment Department of the City of Syracuse; Shaun Donovan and Brian Green, of the United States Department of Housing and Urban Development ("HUD") in Washington, D.C.; and Jay Golden, of HUD in New York City.  Finally, plaintiff names Trevor L. White, who appears to be a private citizen and not an employee of any government.

At the end of the complaint, plaintiff also states that he is requesting relief against the City of Syracuse and HUD "to make plaintiff whole again." Compl. at 6.[2] He did not name these last two defendants in the caption of the complaint, but the court will assume that plaintiff wishes to sue the municipality and the federal agency as well.  The complaint is quite confusing, and the court will attempt to summarize the facts plaintiff is trying to state and the claims that plaintiff is attempting to raise.

Plaintiff alleges that defendants Delvecchio and his "agent(s) and assistant(s) conducted an unconstitutional foreclosure" on a property that plaintiff owned in the City of Syracuse and on which plaintiff held an "outstanding mortgage."[3] Compl. at 2

---

[2] The court will use the CM/ECF page numbers in this Report because plaintiff has numbered the second page of the complaint as page 1.

[3] Plaintiff never mentions any dates for any of the alleged actions taken by defendants.

(Dkt. No. 1).  Plaintiff alleges that after the City of Syracuse foreclosed on plaintiff's property, defendant Delvecchio unconstitutionally seized the plaintiff's mortgage balance proceeds. *Id.*  Plaintiff also refers to this "sham foreclosure" as "government taking of private property." *Id.*

Plaintiff alleges that after defendants Delvecchio and Gamage took plaintiff's property, consisting of land and a building, the defendants destroyed the building so as to preclude plaintiff from recovering the mortgage balance or the right to recover the building if "the owner stopped paying." *Id.*  Plaintiff states that this action was an "unlawful condemnation" of the building by defendants Delvecchio, Gamage, and White, who plaintiff refers to as "agent Trevor White." *Id.*  Plaintiff also states that this "unlawful condemnation" was somehow "assisted by misappropriated money" from HUD. *Id.*

Plaintiff claims that HUD defendants Donovan, Green and Golden "discriminated" against plaintiff when they did not investigate a complaint of "housing discrimination and misappropriation of government funding for an unlawful purpose." *Id.* at 3.  Plaintiff alleges that the HUD defendants' failure to investigate plaintiff's complaint made them "unlawful facilitator[s]" of the City's unconstitutional actions, causing plaintiff to suffer substantial monetary losses as well as pain and suffering. *Id.*  Plaintiff states that the HUD defendants individually, and HUD[4] itself, must be found liable for "procedural as well as for administrative discrimination"for

---

[4] Plaintiff did not name HUD as a defendant in the caption of the complaint, but appears to request damages from HUD as an entity in addition to demanding damages from the individual HUD defendants. Compl. at 5.

the failure to investigate and for supplying the money for the destruction of plaintiff's building.

Plaintiff requests substantial monetary damages, including unpaid mortgage proceeds; unpaid mortgage balance; and $1,500,000.00 for "egregious violation of plaintiff's constitutional rights." *Id.* at 4.  Plaintiff also requests a return of title to the land where his former building stood or payment of $750,000.00, representing the value of the land. Compl. at 5.  Plaintiff also requests the return of $5,200.00, representing the amount of a loan that plaintiff claims he made to the "mortgage holder" to pay back taxes. *Id.*  Plaintiff claims that defendant Delvecchio[5] "pocketed" this money. *Id.*

Attached to the complaint is a "Supporting Document." Compl. at 7-9.  In this document, plaintiff alleges that the conduct of the individual defendants was "in retaliation" for a prior complaint by plaintiff, that was investigated by HUD, and after which the City of Syracuse and defendant Delvecchio's predecessor allegedly paid four million dollars in fines to HUD. *Id.* at 7-8.  Plaintiff also states that David Delvecchio's office and the City of Syracuse were fined by the Securities and Exchange Commission ("SEC") for filing false documents to defraud the public.[6]

---

[5] Plaintiff alleges that he took the money out of his retirement savings account.  Compl. at 5. Plaintiff claims that, based upon this money, defendant Declvecchio signed a tax trust with the "owner," Evelyn T. Sanders to "preclude tax foreclosure."   Defendant Delvecchio allegedly issued the tax trust, but "pocketed" the money, "turned around and undercoverly [sic] sold the building to himself . . . followed by destruction of the building to cover up, when the illegal scheme backfired." *Id.*

[6] This instance does not appear to be related to plaintiff's prior complaint.

4

Compl. at 8.

**2.    _In Forma Pauperis_ ("IFP")**

Plaintiff was granted permission to proceed IFP by Judge Huvelle in the District of Columbia before the case was transferred to this court. (Dkt. No. 2 & Fiat Order of 5/11/10).  Pursuant to 28 U.S.C. § 1915(a)(1), the court may authorize the commencement, prosecution, or defense of any suit, action or proceeding without the pre-payment of fees.  The individual seeking permission to proceed IFP must file an affidavit which includes a statement of all assets, showing that the individual is unable to pay the fees or give security therefor. Id.  The same section, however, states that this determination is "subject to subsection (b)." _Id._  Subsection (b) provides that notwithstanding any filing fee or portion of the fee that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue, or the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." _Ashcroft v. Iqbal_, 129 S. Ct. 1937, 1949 (2009) (quoting _Bell Atl. Corp. v. Twombly_, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." _Id._ (citing _Bell Atl. Corp._, 550 U.S. at 555).  In determining whether an action is frivolous, the court must determine whether the complaint lacks an arguable basis in law or in fact.

5

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).

Even though the court in the District of Columbia granted plaintiff permission to proceed IFP, it is unclear whether the court considered the merits of the complaint in addition to plaintiff's financial status.  A plaintiff may meet the financial requirements for IFP, but still have his complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(2). *See Pickering-George v. Brookhaven (N.Y.) Center*, No. 10-CV-1103, 2010 WL 1740439, at *2 (E.D.N.Y. April 30, 2010) (court granted IFP for filing, but dismissed plaintiff's complaint under section 1915).  Thus, this court will review plaintiff's complaint to determine whether the action may proceed.

## III.   <u>HUD Defendants</u>

Plaintiff has named three individuals from HUD as defendants in this action.  It also appears toward the end of the complaint that plaintiff is also attempting to sue HUD itself.  Plaintiff cites only 42 U.S.C. § 1983 as the basis for his complaint, however, section 1983 requires that a defendant be a "person" acting "under color of state law" in order to be liable for any constitutional violations alleged. 42 U.S.C. § 1983.  A person acts under color of state law only when exercising power possessed by virtue of state law and made possible because the defendant is "clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quotation omitted).

Clearly, neither HUD, nor its individual employees, defendants Donovan, Green, and Golden, act under color of state law. Thus, plaintiff cannot bring an action against these defendants under section 1983. *Libbett v. Doody*, 686 F. Supp. 2d 271, 275 (W.D.N.Y. 2010); *Abney v. Jopp*, 655 F. Supp. 2d 231, 233 n.2 (W.D.N.Y. 2009) (citation omitted). Section 1983 does have a "counterpart," however, when a plaintiff is suing federal officials. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In view of plaintiff's *pro se* status, this court will construe his section 1983 claims against the individual federal defendants under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109, 109-110 (2d Cir. 1995) (court held that although the case was brought under section 1983, district court properly construed the action as one brought pursuant to *Bivens* because plaintiff was suing federal defendants for alleged constitutional violations). The court will also attempt to determine whether there is any jurisdictional basis for plaintiff's action against HUD.

**A.    HUD**

HUD is an "executive department" of the government. 42 U.S.C. § 3532(a). A suit directly against HUD, therefore, is a suit directly against the United States. A suit against a federal agency does not derive jurisdiction pursuant to *Bivens*. *Polanco v. United States Drug Enforcement Agency*, 158 F.3d 647, 650 (2d Cir. 1998). In a suit against the United States, there must be "a cause of action, subject matter jurisdiction, and a waiver of sovereign immunity." *Presidential Gardens Assocs. v. United States ex rel. Sec. of Housing and Urban Development*, 175 F.3d 132, 139 (2d Cir. 1999). Sovereign immunity may be waived only by statute. *Presidential Gardens Assocs.* 175

F.3d at 139 (citing *Millares Guiraldes de Tineo v. United States*, 137 F.3d 715, 719 (2d Cir. 1998)).

Plaintiff in this case seems to claim that HUD and the individual HUD defendants failed to investigate plaintiff's "congressional [sic] authorized complaint." (Compl. at 3).  Plaintiff alleges that in this "complaint" to HUD, he raised claims of housing discrimination and misappropriation of government funding. *Id.*  The Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.* provides that a person aggrieved by an alleged discriminatory housing practice may file a complaint with the Secretary of HUD ("the Secretary") within one year of the conduct of which the individual complaints.[7] 42 U.S.C. § 3610.  The statute provides requirements for the complaint, procedures by which the Secretary conducts the investigation; and actions that the Secretary may take upon finding a basis to believe that a discriminatory practice took place. *Id.*

The Second Circuit has specifically held, however, that the individual complainant has no cause of action against HUD under the FHA for the alleged failure to properly investigate a complaint. *Marinoff v. United States Dep't of Housing and Urban Development*, 78 F.3d 64 (2d Cir. 1996).  The lower court in *Marinoff* found

---

[7] The FHA makes it unlawful in connection with the sale, rental, or financing of housing to discriminate against a person on the basis of race, color, religion, sex, handicap, national origin, or familial status. 42 U.S.C. § 3604.  The statute also makes it unlawful to intimidate or threaten a person who is exercising his or her rights under the statute. *Id.* § 3617.  In this case, plaintiff seems to allege some sort of discriminatory tax foreclosure by the City of Syracuse and its "agents."  It is not clear that this type of complaint would fall under section 3604, however, the court is attempting to read the complaint to allege the strongest claims possible, so the court will attempt to determine whether there is any statutory basis for plaintiff's claims.

that, regardless of the result of the HUD investigation, the plaintiff could have brought an action directly against the alleged perpetrator of the discriminatory practice. *Marinoff v. United States Dep't of Housing and Urban Development*, 892 F. Supp. 493, 496 (S.D.N.Y. 1995).[8]  The court found that there was no express or implied cause of action against HUD. *Id.* at 496.

The court based its determination, in part, on *NAACP v. Secretary of Housing and Urban Development*, 817 F.2d 149 (1st Cir. 1987). *Id.* In *NAACP*, the court analyzed another section of the FHA, which instructs the Secretary to "'administer the programs and activities relating to housing and urban development in a manner affirmatively to further policies of [the FHA].'" *Id.* & n.3 (quoting 42 U.S.C. § 3608 (e)(5)).  The court in *NAACP* held that no cause of action was implied because if "Congress means to permit a private party to ask a court to review the legality of federal actions in a manner that differs from [Administrative Procedure Act (APA)] review, Congress would say so explicitly in the statute." *Id.* (quoting 817 F.2d at 153). If there is no explicit language, Congress meant the APA to govern. *Id.*

The court in *Marinoff* also discussed the availability of review under the Administrative Procedure Act (APA), 5 U.S.C. § 704, but ultimately found that because a plaintiff was statutorily authorized to bring an action directly against the alleged perpetrator of the discriminatory practice, regardless of whether HUD investigated, the plaintiff had a reasonable alternative, and APA review is also

---

[8] The court is citing to the Report-Recommendation of Magistrate Judge Roberts which was adopted by District Judge Kimba Wood. 892 F. Supp. at 494.

unavailable.[9] 892 F. Supp. at 497.

To the extent that plaintiff's claims of failure to investigate may sound in tort,[10] the exclusive remedy for tort claims against the United States is the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.  A claim comes within the FTCA if it is for money damages for injury or loss of property or personal injury or death, caused by negligent or wrongful acts or omissions of any employee of the government while acting in his or her official capacity. *FDIC v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)).  The act or omission must be taken under circumstances where the United States would be liable to the claimant in accordance with the law of the place where the act or omission occurred. *Id.*

A prerequisite to suit under the FTCA is presentation of the claim to the appropriate federal agency. *See* 28 U.S.C. § 2675(a). An FTCA claim is time-barred unless the claimant presents the claim in writing to the appropriate Federal agency within two years after the claim accrues, and files the action in the district court within six months of notice by certified or registered mail of a final decision of the claim by

---

[9] In any event, the APA provides judicial review for "non-monetary" actions. 5 U.S.C. §§ 701-06. *See Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Housing and Urban Development*, 480 F.3d 1116, 1122 (Fed. Cir. 2007).  Plaintiff in this action seeks substantial monetary relief above and beyond the value of the property that was allegedly improperly taken from him by the City of Syracuse. (Compl.).  Another basis for federal jurisdiction against the United States is the Tucker Act, 28 U.S.C. § 1491(a)(1), however, even assuming that plaintiff met the requirements in the Tucker Act, exclusive jurisdiction for Tucker Act complaints that seek more than $10,000.00 is in the United States Court of Federal Claims. *Id.*

[10] Failure to perform, or careless performance of an alleged duty owed sounds in tort. *See Garreaux v. United States*, 544 F. Supp. 2d 885, 895 (D.S.D. 2008) (citing *United States v. Neustadt*, 366 U.S. 696 (1961)).  The court must point out that plaintiff's complaint is vague, and this court is merely attempting, as required, to raise all possible claims that plaintiff may have.

the agency to which it was presented. *See* 28 U.S.C. § 2401(b). This requirement is strictly construed. *See United States v. Kubrick*, 444 U.S. 111, 113, 117-18, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979).  Failure to timely exhaust administrative remedies and file the tort action operates as a jurisdictional bar to proceeding in federal court. *See Johnson v. The Smithsonian Institution*, 189 F.3d 180, 189 (2d Cir. 1999) (citations omitted). The plaintiff bears the burden of pleading and proving compliance with section 2401(b). *See id.*

There is no indication that plaintiff in this case has complied with the FTCA requirements, and therefore, no cause of action exists against HUD or the United States based on the statements in plaintiff's complaint.  Because there is no basis for a claim against HUD, this court will recommend dismissal of plaintiff's complaint to the extent that it attempts to name HUD as a defendant.

## B.    Individual HUD Employees

Plaintiff's claims against HUD employees in their individual capacities, would have to be brought under *Bivens*.  As stated above, the only claims that plaintiff makes against the HUD employees is that they failed to investigate his complaints of malfeasance by City of Syracuse officials in relation to the tax foreclosure, sale, and alleged destruction of the building that stood on the real property in question.  It is well-settled that plaintiff has no constitutional right to an investigation of any sort by government officials. *See Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008); *Lewis v. Gallivan*, 315 F. Supp. 2d 313, 317 (W.D.N.Y. 2004) (citing cases). In order for a constitutional violation to have occurred, the investigation itself must

11

have resulted in the deprivation of a constitutional right. *Faison v. Hash*, 03-CV-6475P, 2004 WL 944523, at *6 (W.D.N.Y. April 23, 2004) (citation omitted).

In this case, plaintiff claims in a conclusory fashion that the HUD defendants' failure to investigate plaintiff's complaint condoned the City's conduct in taking his property and destroying his building. (Compl. at 3).  Plaintiff states that the HUD defendants "discriminated" against plaintiff in "support of the unlawful taking" by not "jumping on" the alleged discrimination and that they "procedurally approved" the City's unlawful actions. (Compl. at 2-3).  It is unclear why the failure to investigate constitutes discrimination by HUD or by the individual HUD defendants.[11]  Because plaintiff has neither a right enforceable by statute nor a right under the constitution to a particular investigation, his claims against HUD and the individual HUD defendants may be dismissed.

IV.   **City of Syracuse Defendants**

Plaintiff names David Delvecchio, the Commissioner of Finance and John Gamage, the Commissioner of Assessment of the City of Syracuse.  Plaintiff claims that these defendants engaged in an "unconstitutional" and "sham foreclosure," taking plaintiff's mortgage proceeds.  After the foreclosure, the City defendants unlawfully "condemned" his property.  It appears that plaintiff is claiming that defendants used a "sham foreclosure" to cover up an illegal "condemnation" of the property.  Although

---

[11]In fact, in his "Supporting Document," plaintiff states that the City is somehow retaliating against plaintiff for a previous complaint that plaintiff filed with HUD that plaintiff claims **was** investigated and as the result of which, the City was allegedly fined.  Plaintiff's own allegations belie his claim that HUD discriminated against him by failing to investigate a different claim.

in his "Supporting Affidavit," plaintiff finally mentions the address of the property that he claims was improperly taken, he does not state the dates of any of the alleged actions by the City defendants.[12]  Plaintiff also makes a variety of conclusory allegations about the actions of defendants Delvecchio and Gamage.  Plaintiff claims that these defendants denied plaintiff "equal protection" and that they "retaliated" against him because he made a prior complaint to HUD about defendant Delvecchio's conduct.

Conclusory allegations are insufficient to rise to the level of a constitutional claim. *See Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice).  In order to state an equal protection claim, plaintiff must show that he received adverse treatment, compared to others that were "similarly situated," and that the adverse treatment was based upon impermissible considerations such as race, religion, intent to punish plaintiff for the exercise of a constitutional right, malicious or bad faith, or intent to injure plaintiff. *Miner v. Clinton County*, 531 F.3d 464, 474 (2d Cir. 2008).

Plaintiff's complaint is filled with conclusory allegations about the improper taking of property and the denial of equal protection.  However, plaintiff fails to

---

[12] The court must point out that an action, brought pursuant to section 1983, must be brought within three years of the accrual of a cause of action. *Owens v. Okure*, 488 U.S. 235, 251 (1989). *See* N.Y. CIV. PRAC. L & R. 241(5).  Federal law governs the question of when a section 1983 claim accrues. *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999)(citing *Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992)), *cert. denied*, 528 U.S. 946 (1999).  Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks omitted)).

13

specifically state what due process was violated by defendants, or for equal protection purposes, that other similarly situated individuals were treated differently based on their race or any other impermissible basis.  It is well-settled that a city may foreclose on tax delinquent property and retain the entire proceeds from its sale, as long as adequate steps are taken to notify the owners of the charges due and the foreclosure proceedings. *See Miner v. Clinton County*, 541 F.3d at 475 (citing *Nelson v. City of New York*, 352 U.S. 103, 110 (1956)).  Plaintiff in this case knew about the tax delinquency because he states that he loaned the resident money to pay the back taxes, so it is unclear what process was allegedly violated by defendants, if any.  Plaintiff's mere allegations that he was not paid his "mortgage proceeds" after the tax foreclosure sale, and that it was a "sham" foreclosure, do not state a constitutional due process claim.

Plaintiff also seems to claim, however, that the foreclosure was initiated by the individual City defendants to cover-up a condemnation, which would have required the City to give plaintiff "just compensation." *See Goldstein v. Pataki*, 488 F. Supp. 2d 254, 278 (E.D.N.Y. 2007) (citing U.S. Const. amend. V ("Takings Clause); *Brown v. Legal Found. of Wash.*, 538 U.S. 216, 231-32 (2003); *Brody v. Village of Port Chester*, 434 F.3d 121, 127 (2d Cir. 2005)), *aff'd*, 516 F.3d 50 (2d Cir.), *cert. denied*, 128 U.S. 2964 (2008).  Another claim that plaintiff specifies a bit more clearly is that the City defendants retaliated against him for a prior complaint that plaintiff made to HUD.  These last allegations are sufficient, although barely, to allege that defendants somehow took plaintiff's property "without just compensation" in violation of due

14

process, and that they intended to punish plaintiff for the exercise of his right to complain to HUD. The court has **serious doubts** about plaintiff's claims, including whether they may be barred by the statute of limitations; however, based upon the utmost liberality, the court will allow the portion of the complaint that is against the City defendants, and purportedly, the City[13] itself to proceed.

## V.   <u>Trevor White</u>

It appears that defendant White does not work for the City of Syracuse, and does not appear to be a government employee of any type. One of the basic elements of a cause of action under section 1983 is that the defendant must act "under color of state law." *Cambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). In order for a private party to act under color of state law, the private actor must be a "willful participant in joint activity with the state or its agents." *Id.* at 324 (citations omitted). A merely conclusory allegation that a private individual acted in concert with the state entity will not suffice. *Id.*

In this case, plaintiff alleges that the City defendants conducted the "sham foreclosure" on plaintiff's property. (Compl. at 2). Plaintiff then alleges that after the foreclosure, his rights were "further violated" when defendants unlawfully condemned the building "on made up grounds." *Id.* Although defendant Trevor White is listed as an "agent" in "covering up" the unlawful taking, and is later listed as "agent felon,"

---

[13] In order to sustain a claim against the City as a municipality, plaintiff will ultimately have to show that the denial of his constitutional rights was pursuant to a policy, custom, or practice, attributable to the municipality itself. *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) (citations omitted).

there is absolutely no statement of how defendant White was, or could have been, involved in any of the actions alleged by plaintiff. His completely conclusory allegations are insufficient, even reading the complaint with the utmost liberality, to find that defendant White acted under color of state law, or acted at all to harm plaintiff. Thus, the court will recommend dismissal of the complaint as to defendant White.

## VI.   **Appointment of Counsel**

Plaintiff has moved for appointment of counsel. (Dkt. No. 4). In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court considers a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). However, in *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 204 (2d Cir. 2003), the Second Circuit stressed the importance of requiring indigent litigants seeking appointed counsel to first pass the test of likely merit.

This action was only recently commenced, and was received in the Northern District of New York on June 11, 2010. (Dkt. No. 5). This court has recommended that the case proceed against three defendants and has recommended *sua sponte* dismissal of the rest of the defendants. The District Judge has not had the opportunity to consider this recommendation. The only facts upon which this Court may base its

decision as to whether this lawsuit is of substance are the facts stated plaintiff's complaint. Where there are merely unsupported allegations, the moving party does not meet the first requirement imposed by the Second Circuit for appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997). Plaintiff may reapply for appointment of counsel at the appropriate time, after further factual development of this case. Thus, this court will deny plaintiff's motion for appointment of counsel without prejudice at this time. (Dkt. No. 4).

## VII.   Motion to Transfer Case Back to Washington

On June 30, 2010, plaintiff filed a motion to transfer this case back to the District of Columbia. (Dkt. No. 6). Plaintiff's motion states that he wishes the court to transfer the case back to the District of Columbia because plaintiff is disabled and will have difficulty traveling. *Id.* at 1. Judge Collyer specifically found that venue was not proper in Washington (Dkt. No. 3), and this court agrees, particularly since this court is recommending dismissal of the HUD defendants. The court is left only with defendants who reside in the Northern District of New York, the property that is the subject of this action is located in the Northern District of New York, and a substantial part of the actions or omissions alleged by plaintiff occurred in the Northern District of New York. *See* 28 U.S.C. § 1391(b) (general venue statute).

Plaintiff states that he is disabled; however, the prosecution of this action will not involve substantial travel to the Northern District of New York. Many of the proceedings may be handled by telephone conference, and in writing. Thus, plaintiff's

17

motion to transfer the case back to the District of Columbia is denied. (Dkt. No. 6).

WHEREFORE, based on the above, it is

ORDERED, that plaintiff's motion to proceed IFP (Dkt. No. 2) is

GRANTED,[14] and it is

RECOMMENDED, that the complaint be DISMISSED IN ITS ENTIRETY

WITHOUT PREJUDICE against defendants DONOVAN, GREEN, GOLDEN,

and WHITE, and it is

RECOMMENDED, that the complaint be DISMISSED IN ITS ENTIRETY

WITHOUT PREJUDICE to the extent that it can be read to allege any claims

directly against HUD, and it is

ORDERED, that plaintiff's motion for appointment of counsel (Dkt. No. 4) is

DENIED WITHOUT PREJUDICE, and it is

ORDERED, that plaintiff's motion for transfer of this case back to

Washington, D.C. (Dkt. No. 6) is DENIED, and it is

ORDERED, that the Clerk shall issue summonses and forward them, along

with a copy of the complaint, a copy of this Order, and a packet containing General

Order 25 to the United States Marshal for service on defendants Delvecchio, Gamage,

and the City of Syracuse.  The Clerk shall forward a copy of the summons and

complaint by mail to the Office of the Corporation Counsel of the City of Syracuse,

---

[14] Plaintiff should note that although the application to proceed IFP has been granted, plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.  This court is aware that the Court in Washington granted plaintiff's motion to proceed IFP, however, this court has again reviewed the complaint and will continue the grant of IFP.

together with a copy of this Order, and it is

**ORDERED**, that a formal response to plaintiff's complaint be filed by defendants Delvecchio, Gamage. and the City of Syracuse or their counsel as provided for in the Federal Rules of Civil Procedure, and it is

**ORDERED**, that the Clerk is directed to schedule a Rule 16 conference before me within the next **sixty (60) days**, and it is further

**ORDERED**, that any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of it was mailed to all opposing parties or their counsel.  **<u>Any letter or other document received by the Clerk or the Court which does not include a certificate of service, clearly stating that an identical copy was served upon all opposing parties or their attorneys, may be stricken from the record</u>**.

Plaintiff shall also comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action and shall keep the court and opposing counsel apprised of any change of address.  All motions shall comply with the Local Rules of Practice of the Northern District, and it is further

**ORDERED**, that the Clerk serve a copy of this Order and General Order 25 upon plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report.  Any objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28

U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: July 1, 2010

Hon. Andrew T. Baxter
U.S. Magistrate Judge